# IN THE UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| In re: | ) Adversary No. _____ <br> ) <br> ) Case No. 05-41108-399 <br> ) <br> FALCON PRODUCTS, INC., a Delaware ) <br> corporation, et al., ) JOINTLY ADMINISTERED UNDER <br> ) CHAPTER 11 <br> Debtors. ) |
| FALCON CREDITOR TRUST, | ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SAPPHIRE SYSTEMS LTD, ) <br> ) <br> Defendant. ) |

## COMPLAINT TO AVOID AND RECOVER PREFERENTIAL TRANSFERS

The Falcon Creditor Trust (the "Trust"), for its Complaint against SAPPHIRE SYSTEMS LTD (the "Defendant"), states:

### BACKGROUND

1. On January 31, 2005, Falcon Products, Inc., Epic Furniture Group, Inc., The Falcon Companies International, Inc., Falcon Holdings, Inc., Howe Furniture Corporation, Johnson Industries, Inc., Madison Furniture Industries, Inc., Sellers & Josephson, Inc., and Shelby Williams Industries, Inc. (collectively, the "Debtors") filed petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). Subsequently, the Bankruptcy Court authorized the joint administration and procedural consolidation of the Debtors' chapter 11 cases under the above caption.

223614.1

2. On October 18, 2005, the Bankruptcy Court confirmed the Debtors' Third Amended Joint Plan of Reorganization (the "Plan"). Pursuant to the Plan, the Debtors' cases were substantively consolidated. Additionally, certain rights and causes of action previously held by the Debtors vested in the Falcon Creditor Trust (the "Trust"), including the authority to prosecute Chapter 5 causes of action (referred to as the "Committee's Avoiding Power Causes of Action" in the Plan).

## JURISDICTION AND VENUE

3. This Court has jurisdiction of this matter under 28 U.S.C. §§ 157 and 1334. This is a core matter under 28 U.S.C. 157(b)(2).

4. Venue is proper in this Court under 28 U.S.C. § 1409(a).

## COUNT I: AVOIDANCE AND RECOVERY OF PREFERENTIAL TRANSFERS

5. The Trust hereby incorporates by reference paragraphs 1 through 4, inclusive, as if fully set out herein.

6. Within ninety (90) days prior to the filing of the Chapter 11 Case, the Defendant received transfers from one or more of the Debtors of its/their property totaling at least $34,608.00 (collectively, the "Transfers").

7. Detail regarding the Transfers is set forth in Exhibit "A" attached and incorporated herein by reference. The Trust reserves the right to include within the Transfers all other pre-petition transfers which may be avoidable by the Trust under applicable law.

8. At the time of the Transfers, the Defendant was a creditor of one or more of the Debtors.

9. The Transfers were made to or for the benefit of the Defendant.

10. The Transfers were made while the Debtors were insolvent.

223614.1

11. The Transfers were made for, or on account of, an antecedent debt owed by one or more of the Debtors to Defendant before such Transfers were made.

12. The Transfers enabled the Defendant to receive more than it would receive as a creditor if: (a) the case were a case under Chapter 7 of the Bankruptcy Code, (b) the Transfers had not been made, and (c) Defendant received payment of such debt to the extent provided under the Bankruptcy Code.

13. Pursuant to 11 U.S.C. § 547, the Transfers are avoidable.

14. Pursuant to 11 U.S.C. § 550, the Transfers or their value are recoverable from the Defendant.

15. Defendant has not returned the Transfers to the Trust or its predecessors in interest.

WHEREFORE, the Trust requests judgment in its favor and against Defendant avoiding the Transfers, granting the Trust a monetary judgment in the aggregate amount of the Transfers plus prejudgment interest, and granting such other and further relief as the Court deems just and proper.

## COUNT II: OBJECTION TO CLAIM

16. The Trust hereby incorporates by reference paragraphs 1 through 15, inclusive, as if fully set out herein.

17. Because the Transfers are avoidable and recoverable under 11 U.S.C. §§ 547 and 550, any claim of the Defendant in the Debtors' Chapter 11 case should be disallowed pursuant to 11 U.S.C. § 502(d) until the Defendant pays the aggregate amount of the Transfers to the Trust.

WHEREFORE, the Trust requests judgment in its favor and against Defendant disallowing any claim of the Defendant in the Debtors' Chapter 11 case until the Defendant pays the aggregate

amount of the Transfers to the Trust, and granting such other and further relief as the Court deems just and proper.

DATED: January 29, 2007.	SPENCER FANE BRITT & BROWNE LLP

By _____
Jennifer A. Merlo (MO 51455; EDMO 109053)
jmerlo@spencerfane.com
David M. Brown (MO 55034, EDMO 498410)
dbrown@spencerfane.com
Anne M. Lindner (MO 59077)
1 North Brentwood Boulevard, 10th Floor
St. Louis, MO 63105
(314) 863-7733 – tel
(314) 862-4656 – fax

COUNSEL FOR FALCON CREDITOR TRUST

223614.1

# Payment Exhibit "A"

## SAPPHIRE SYSTEMS LTD

| Check/Wire Number | Check/Wire Clear Date | Check/Wire Amount | Payment Method |
|---|---|---|---|
| 597541 | 11/4/2004 | 12,468.00 | CHECKS |
| 602291 | 1/18/2005 | 22,140.00 | CHECKS |
| **Preference Payments Total** | | **34,608.00** | |

| THE FALCON COMPANIES | | | |
|---|---|---|---|
| 9387 Dielman Industrial Drive
P.O. Box 21569
Saint Louis, MO 63132-9815 | FLEET MAINE, N.A.
SOUTH PORTLAND, ME    52-153/112 | CHECK NO. | 597541 |
| | | CHECK DATE | 10/20/04 |
| 190088 | PAY ONLY **12,468** DOLLARS 00 CTS | VOID AFTER 60 DAYS | |
| | 11/04/04  E2263  T2416  PO8 | CHECK AMOUNT | *$12,468.00 |

PAY TO THE ORDER OF

SAPPHIRE SYSTEMS LTD
8747 BIG BEND BLVD
ST LOUIS          MO    63119

Philip J Pray

⑈597541⑈ ⑆011201539⑆ 00802 31596⑈          ⑈000124680⑈



**THE FALCON COMPANIES**
9387 Dielman Industrial Drive
P.O. Box 21569
Saint Louis, MO 63132-9815

190088

FLEET MAINE, N.A
SOUTH PORTLAND, ME

52-153 / 112

CHECK NO. 602291

CHECK DATE 1/11/05

PAY ONLY **$22,140.00**

VOID AFTER 60 DAYS

CHECK AMOUNT *$22,140.00

PAY TO THE ORDER OF:
SAPPHIRE SYSTEMS LTD
8747 BIG BEND BLVD
ST LOUIS    MO   63119

Philip J Pucey

⑈602291⑈ ⑆011201539⑆ 00802 31596⑈     ⑈000022140000⑈

FLEET

FLEET

BANK OF AMERICA

Please look for the following additional check security features before accepting this document
IF NOT PRESENT, DO NOT NEGOTIATE THE DOCUMENT

x Sapphire Systems Ltd.
OPER DEPOSIT

B 104 Rev. (2/92)

# ADVERSARY PROCEEDING COVER SHEET
(Instructions on Reverse)

**ADVERSARY PROCEEDING NUMBER** (Court Use Only)

| PLAINTIFFS | DEFENDANTS |
|---|---|
| THE FALCON CREDITOR TRUST, assignee of the Chapter 11 estates of Falcon Products, Inc., et al. | SAPPHIRE SYSTEMS LTD |

| ATTORNEYS (Firm Name, Address, and Telephone No.) | ATTORNEYS (If Known) |
|---|---|
| David M. Brown<br>Jennifer A. Merlo<br>Spencer Fane Britt & Browne LLP<br>1 N. Brentwood Blvd.<br>St. Louis, MO 63105       (314) 863-7733 | |

**PARTY** (Check one box only)     1 U.S. PLAINTIFF     2 U.S. DEFENDANT     X 3 U.S. NOT A PARTY

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

To avoid and recover preferential transfers pursuant to 11 U.S.C. §§ 547 and 550, and to disallow any claim of the defendant pursuant to 11 U.S.C. § 502(d).

**NATURE OF SUIT**
(Check all causes of action in the complaint)

| | | | | | |
|---|---|---|---|---|---|
| X 454 | To Recover Money or Property | 455 | To revoke an order of confirmation of a Chap. 11, Chap. 12, or Chap. 13 Plan | 456 | To obtain a declaratory judgment relating to any of foregoing causes of action |
| 435 | To Determine Validity, Priority, or Extent of a Lien or Other Interest in Property | 426 | To determine the dischargeability of a debt 11 U.S.C. ' 523 | 459 | To determine a claim or cause of action removed to a bankruptcy court |
| 458 | To obtain approval for the sale of both the interest of the estate and of a co-owner in property | 434 | To obtain an injunction or other equitable relief | | |
| 424 | To object or to revoke a discharge 11 U.S.C. ' 727 | 457 | To subordinate any allowed claim or interest except where such subordination is provided in a plan | 498 | Other (specify) |

**ORIGIN OF PROCEEDINGS**
(check one box only.)     X Original Proceeding     Removed Proceeding     Reinstated or Reopened     Transferred from Another Bankruptcy Court

CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

| **DEMAND** $34608 | OTHER RELIEF SOUGHT | JURY DEMAND (Check only if demanded in complaint) |
|---|---|---|

**BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES**

| NAME OF DEBTOR | Falcon Products, Inc. | BANKRUPTCY CASE NO. | 05-41108 |
|---|---|---|---|

| DISTRICT IN WHICH CASE IS PENDING<br>Eastern District of Missouri | DIVISIONAL OFFICE<br>Eastern | NAME OF JUDGE<br>Honorable Barry S. Schermer |
|---|---|---|

**RELATED ADVERSARY PROCEEDING (IF ANY)**

| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
|---|---|---|
| | | |

| DISTRICT | DIVISIONAL OFFICE | NAME OF JUDGE |
|---|---|---|

**FILING FEE** (Check one box only)     FEE ATTACHED     FEE NOT REQUIRED     X FEE IS DEFERRED

| DATE<br>1/29/07 | PRINT NAME<br>Jennifer A. Merlo | SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>/s/ Jennifer Merlo |
|---|---|---|

1